Bennett *v.* Van Riper.

---

Martha C. Bennett, appellant,

*v.*

Alonzo Van Riper et al., respondents.

By article I. of the relief fund law, " Each beneficiary member, the person or persons designated by said member *related to*, or dependent upon him or her, or the legal representatives of such person or persons, shall be entitled, under the prescribed regulations and conditions, to draw a sum not exceeding the amount named in his or her certificate, as thereinafter specified."—*Held*, that the words "*related to*" include persons connected by affinity as well as by consanguinity.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is reported in *Supreme Council of Chosen Friends* v. *Bennett, 2 Dick. Ch. Rep. 39.*

Mr. *Samuel Kalisch*, for the appellant.

Mr. *Charles E. Hill*, for the respondents.

The opinion of the court was delivered by

Scudder, J.

On the death of Alonzo Van Riper, a member of Alpha Council, No. 3, of New York, a duly constituted branch of

the Supreme Council of the Order of Chosen Friends, a benefit certificate for the sum of $3,000 became payable. He had, in his lifetime, named as the beneficiaries under said policy his grandson, Raymond Van Riper, for $1,000, and Martha C. Bennett, for $2,000. She is the wife of Lewis W. Bennett, a grandnephew, by consanguinity, of Alonzo Van Riper, deceased. After his death, on claim made by the children and representatives of the deceased, a bill of interpleader was filed by the council, and on decree to interplead, an issue between the parties defendant was formed and a decree entered against Martha C. Bennett, who has taken her appeal therefrom to this court. Her right is based on the certificate above mentioned, which is a duly authenticated relief fund certificate of the Order. By the Re-. vised Statutes of Indiana authorizing the incorporation of such societies (section 3850), a certificate of membership, policy, or other evidence of interest, shall be regarded as a contract, and the names of payees and beneficiaries may be changed on such terms and conditions as the parties to the contract may agree. By section 3 of the articles of association of the supreme council of the Order, one of the principal objects shall be to establish a relief fund, from which members of this association who have complied with all its rules and regulations, or persons by such members lawfully designated, or the legal heirs of such members, may receive a benefit in a sum not exceeding $3,000, on satisfactory proof of death, and conditions complied with. By article I. of the relief fund law—

" Each beneficiary member, the person or persons designated by said member *related to*, or dependent upon him or her, or the legal representatives of such person or persons, shall be entitled, under the prescribed regulations and conditions, to draw a sum not exceeding the amount named in his or her certificate, as thereinafter specified."

Taking these different parts of the contract together, the question to be determined is, does the intended beneficiary, Martha C. Bennett, come within its terms so as to entitle her to the payment of $2,000 under the certificate? It is not claimed that she was dependent upon the deceased, but her claim is, that she was

related to him, within the meaning of the contract. I think there was error in confining the meaning of this term "related to" within the narrow limit which has been adopted in the construction of wills and in some statutes. From the indefinite extent of the word "relations," it has been found necessary to limit it in these cases by confining it to the next of kin under the statute of distributions. *Smith* v. *Campbell, 19 Ves. 400; Bennett* v. *Honeywood, Amb. 708.* This includes relations by blood, and not by affinity, and is applied unless the testator has subjoined to the gift expressions declaratory of an intention to include them. *2 Jarm. Wills 666; Esty* v. *Clark, 101 Mass. 36.* In *Bacon on Beneficial Societies* § *260* it is said :

"It has long been settled that the word 'relatives,' when used in a will or statute, includes those persons who are next of kin under the statute of distributions; unless from the nature of the bequest, or from the testator having authorized a power of selection, a different construction is allowed."

*Mahon* v. *Savage, 1 Sch. & L. 111;* cases in *notes to Harding* v. *Glyn (1 Atk. 469), 3 White & T. Lead. Cas. 810; Drew* v. *Wakefield, 54 Me. 291.* In this certificate there is a power of selection given, not by will, but by the contract between the parties. There are, therefore, qualifications to this rule of construction, even in cases of wills, when a contrary intention is manifested. There can be no question about the intention of the holder in this case upon the face of the certificate. In *Craik* v. *Lamb, 1 Coll. Ch. 489, 495,* Vice-Chancellor Shadwell says that "in *Johnson's Dictionary,* in *Richardson's Dictionary* and in *Bailey's Edition of Facciolati,* the word 'relations' is treated as extending to affinity; and the expressions 'a relation by marriage' and 'a relation in the law,' as denoting connections by affinity, are popularly, whether correct or incorrect, of occasional, if not of frequent use." In our more modern dictionaries we find that a "relation" or "relative" is defined as a person connected by blood or affinity. When used in a contract, as in this case, I do not find that it has such a fixed and definite meaning that we must thwart the purpose of this decedent, who supposed that, by the terms of the article giving him control of his benefit in the

Bennett *v.* Van Riper.

relief fund, he could bestow it on any one of those popularly called relatives whom he might select. It seems also that a liberal rather than a restricted meaning given to the word " relative," used in this article of the association, would better comport with its benevolent purpose. The construction contested for against this certificate would exclude a member's wife, unless she came within the other part of the phrase by being dependent on him for her support. The ties of affinity are often stronger than those between collateral or even lineal kinsmen by blood; and there is nothing unreasonable in saying that this certificate was made payable to one whom the holder supposed was properly classed among his relatives, and that the council so intended. Where there is no fixed legal or technical meaning which the court must follow in the construction of a contract, then " the best construction," says Chief-Justice Gibson, " is that which is made by viewing the subject of the contract as the mass of mankind would view it; for it may be safely assumed that such was the aspect in which the parties themselves viewed it. A result thus obtained is exactly what is obtained from the cardinal rule of intention." *Schuylkill Navigation Co.* v. *Moore, 2 Whart. 491.*

It seems that the objects of this association will be best attained by the adoption of a common, though it may be an inexact, interpretation of the words " related to," as used in the article above referred to, rather than by a restricted meaning that may not have been known, and is certain to defeat the purpose of this deceased member; and that no rule of legal construction will be violated by giving it such meaning.

For this reason the decree will be reversed.

*For affirmance*—None.

*For reversal*—THE CHIEF-JUSTICE, DEPUE, DIXON, GARRISON, MAGIE, REED, SCUDDER, VAN SYCKEL, BROWN, CLEMENT, SMITH, WHITAKER—12.