CHARLES FREDERICK TEPPER, complainant and respondent,

*v.*

THE SUPREME COUNCIL OF THE ROYAL ARCANUM, ANNA WORTH
et al., defendants and appellants.

[Filed November 19th, 1900.]

1. In the supplement, passed in 1882, of the Massachusetts statute of May 9th, 1877, providing for the organization of beneficial societies, the word "relatives" includes relatives by marriage as well as relatives by blood.

2. The constitution and by-laws of the supreme council of the Royal Arcanum permit benefits to be made payable to the "members of the family" of the member designating them. *Held*, that stepchildren of the member, who had been brought up in his household, could lawfully be designated, even after they had married and left his household.

3. According to the decisions of the supreme court of Massachusetts, if a society organized under the Massachusetts statute of 1877 issues a beneficial certificate in favor of persons who are included in the statutory classes of beneficiaries, but are not included in the classes covered by the constitution and by-laws of the society, a rival claimant of the benefit cannot set up lack of authority in the society to make such persons beneficiaries.

4. A member of the Royal Arcanum, in his application for a benefit certificate, described his stepchildren as "my children," naming them as the beneficiaries. *Held*, that if this was a misdescription which rendered voidable the certificate thereupon issued, the society only could take advantage of the defect, and that its answer in the cause averring its readiness to pay the certificate, filed after full notice of the truth, was a waiver of the objection and a ratification of the contract.

On appeal from a decree advised by Vice-Chancellor Pitney, whose opinion is reported in *14 Dick. Ch. Rep. 321.*

Mr. *Rudolph F. Rabe,* for the appellants.

Mr. *J. Emil Walscheid* and Mr. *James B. Vredenburgh,* for the respondent.

Mr. *W. Holt Apgar,* for the Royal Arcanum.

The opinion of the court was delivered by

Dixon, J.

On June 5th, 1885, William Tepper became a member of Hoboken Council, No. 99, a subordinate lodge of the supreme council of the Royal Arcanum, and on July 8th, 1885, he received a benefit certificate of the order, by which the supreme council bound itself to pay to Anna Plondrick, Antoinette Siebury, Wilhelmina Ranges, August Zuber, Wilhelm Zuber and Friedrich Tepper a sum not exceeding $3,000, on the death of said William Tepper. This certificate was issued to him on an application in which he described the persons above named as being "related to me as my children." He died January 16th, 1898. Afterwards a dispute respecting the right to the $3,000 arose between Friedrich Tepper, who is the only child of William Tepper by nature, and the other beneficiaries, who were the stepchildren of William Tepper through his marriage with their mother; and thereupon Friedrich filed a bill in chancery against the stepchildren and the supreme council to secure the payment of the whole sum to himself. By its answer the council declares itself ready to pay the money as the court may decree.

The question in the case, therefore, is whether the complainant is entitled to the entire fund, or only to a share in conjunction with the stepchildren.

The Royal Arcanum was organized in Massachusetts on November 5th, 1877, under a statute of that state passed May 9th, 1877, which provided for the organization of such societies "for the purpose of assisting the widows, orphans or other dependents of deceased members." In 1882 a supplement to the statute was passed, empowering such organizations to adopt by-laws and provide funds "for the purpose of assisting the widows, orphans or other relatives of deceased members, or any person dependent upon deceased members." In 1884 the Royal Arcanum adopted an amended constitution, according to which a member's benefit certificate was to be made payable "to his family or those dependent on him, as he may direct," and also amended by-laws, which required the member applying for a certificate to "enter upon his application the name or names and relationship or

dependence of the members of his family, or those dependent upon him, to whom he desires his benefit paid," and which also provided that "when no relation by marriage or consanguinity is shown in the direction for payment of benefit, proof of dependency must be furnished to the supreme secretary, before the benefit certificate is issued."

William Tepper married the mother of these stepchildren in 1864, when the oldest of them was about eleven years of age, and thereafter they lived with him and his wife as members of his family, assisting, as soon as they were able to work, in meeting the expenses of the household, until they married. But before 1885 they had all married and left their parents' home.

In determining the right of these stepchildren to share in the fund, we must first consider the scope of the Massachusetts statute, for it is settled that these beneficial societies cannot create funds for the benefit of persons outside of the classes mentioned in the statute. *American Legion of Honor* v. *Perry, 140 Mass. 580; American Legion of Honor* v. *Smith, 18 Stew Eq. 466; Britton* v. *Royal Arcanum, 1 Dick. Ch. Rep. 102;* affirmed in *2 Dick. Ch. Rep. 325; Golden Star Fraternity* v. *Martin, 30 Vr. 207.* But in determining who constitute those classes, the supreme court of Massachusetts, in the case first cited, declared: "It is the duty of the court to construe the statute liberally and in such manner as to carry out the benevolent purpose sought to be provided for, and in no event, unless absolutely required by its language, to construe it so as to defeat such purpose." *140 Mass. 589.*

The classes mentioned in the statute existing when the present certificate was issued, are those described as "widows, orphans or other relatives of deceased members, or any person dependent on deceased members."

According to the opinion of this court, in *Bennett* v. *Van Riper, 2 Dick. Ch. Rep. 563,* where the words "related to" in the by-law of a benevolent order similar to the Royal Arcanum was under consideration, the relatives of deceased members include relatives by affinity as well as relatives by blood. Following the lead of that case, we should regard stepchildren as *relatives,* within the meaning of the Massachusetts statute. But

it is urged that the meaning of this word has been fixed by the supreme court of Massachusetts as being confined to relatives by blood (*Esty* v. *Clark, 101 Mass. 36; Kimball* v. *Story, 108 Mass. 382*), and that we are bound by that definition. We think, however, that these cases are not in point. They deal with a statute declaring the effect of a "devise of real or personal estate * * * to a child or other relation of the testator," when the devisee dies before the testator, leaving issue who survive the testator. Under the settled rule for the construction of wills, which limits the meaning of "relatives" to those who would take under the statute of distribution, the court held that this statute used the term in this "strict legal and technical sense." But to apply the same rule to the statute now in hand would certainly not be "to construe the statute liberally," as the Massachusetts court, in *American Legion of Honor* v. *Perry, ubi supra,* said was proper, and we incline to think that that court would make the same distinction as was made by us in *Bennett* v. *Van Riper, ubi supra,* where the rule applied to wills was expressly held to be too narrow for these benevolent associations.

We therefore conclude that the statute of 1882 permitted the designation of stepchildren as beneficiaries.

The next question is whether the constitution and by-laws of 1884 permitted such a designation. They authorized payment to be made to a member's "family * * * as he may direct," and required the member to declare "the relationship of the members of his family * * * to whom he desires the benefit paid," and provided for what should be done when "no relationship by marriage or consanguinity is shown."

As to the term denoting relationship, we see no reason for giving it a narrower meaning than that borne by the same term in the statute. The express reference to relations by marriage adds to the probability that it was used in the broad sense, including not only the spouse, but also the kindred of the spouse. But these internal laws of the order indicate that the beneficiaries must also be "members of the family" of the applicant designating them. These words also have much elasticity of signification. For their true import the constitution and by-laws must be read in connection with the statute under which they

41

were adopted. The statute, as above interpreted, authorized the establishment of a fund for two classes of beneficiaries, viz., relatives, by blood or marriage, of the member, and those dependent on the member. The constitution declared that a member's share of the fund was to be paid to "his family, or those dependent on him," as he had directed. By the by-laws the member was to state "the names and relationship or dependence of the members of his family, or those dependent upon him," *i. e.,* as to members of the family, the relationship must be stated; as to others, the fact of dependency must be stated. There is a natural probability that, when the members of this society were adopting their constitution and by-laws, they would take to themselves as wide a liberty of choice for their selection of beneficiaries as the statute permitted. Bearing in mind the elasticity of the word "family," it is not unreasonable to believe that they intended it to be as broad as the word "relatives" in the statute. Relatives and dependents are the statutory classes; family and dependents are the terms which the association used to describe the same classes. Such seems to have been the understanding of Vice-Chancellor Van Fleet, when, in *American Legion of Honor* v. *Smith, 18 Stew. Eq. 466, 471,* speaking of a constitution and by-laws just like those now before us, he said: "The complainant undoubtedly had capacity, when it made the contract in question, to agree to pay other relatives of Smith than those constituting his family," using the term "family" in its strict sense.

But if the word "family" was intended to be more restrictive than the word "relatives," still it may include these stepchildren. When William Tepper married their mother, they became members of his family in the strictest sense, for they became part of his household and were supported by him as his own offspring. Did, then, the fact that, when the application for this benefit was made, they had, in the usual course of family development, separated themselves from his household, exclude them from membership in his family within the purview of these laws? If it did, then, by the same rule, his own offspring would, in like case, be excluded. Such a rule, we think, would antagonize

the benevolent designs of these associations, and we are not disposed to sanction it.

But, with regard to the effect of the constitution and by-laws on this certificate, there is another feature of the case to be considered. In *Order of Foresters* v. *Callahan, 146 Mass. 393,* and *Marsh* v. *American Legion of Honor, 149 Mass. 512,* the corporations had been organized under the Massachusetts statute of 1877, and in their constitutions and by-laws recognized widows, orphans and dependents as the only permissible beneficiaries; after the passage of the supplement of 1882, each of the corporations, without making any change in its internal laws, accepted the application of a member which designated his mother, who was not dependent upon him, as the beneficiary. The court sustained the claim of the mother, holding that, after the passage of the act of 1882, neither the corporations nor any claimant of the fund could be allowed to set up that the former were exercising, and were only authorized to exercise, the more limited powers conferred by the earlier statute. In the *Marsh Case* the prior decisions in *Elsey* v. *Association, 142 Mass. 224,* and *Tyler* v. *Association, 145 Mass. 135,* were referred to, and on this point substantially overruled. These later decisions of that court, on the powers of corporations established under the Massachusetts statute and on the mode of exercising those powers, have almost, if not quite, absolute authority. *American Legion of Honor* v. *Green, 71 Md. 263.* The principle on which they rest is not disturbed by such cases as *Skillings* v. *Massachusetts Association, 146 Mass. 217,* where a person outside of the statutory classes was designated as beneficiary, and *McCoy* v. *Roman Catholic Mutual Insurance Co., 152 Mass. 272,* where the person claiming to be a member was not within the class of persons eligible to membership.

On these grounds we reach the conclusion that the stepchildren could legally be named as beneficiaries, according to the laws in force when this certificate was issued.

But it is further contended that changes subsequently made in the constitution and by-laws of the order so restricted the class of relatives to whom benefits could be made payable as to exclude stepchildren. We have carefully examined the changes

referred to, and, in respects said to be applicable to the present case, they appear not designed to have retroactive force. In those respects their terms can have reasonable effect if applied only to designations of beneficiaries thereafter made, and in such conditions the settled rule of construction is not to extend the laws to past transactions. *Citizens Gas Light Co.* v. *Alden, 15 Vr. 648.* The cases cited by counsel to support the proposition that changes in the by-laws may affect such certificates as that before us, all relate to changes which clearly expressed a purpose to reach prior contracts.

The designation of the stepchildren as "my children" is also made the ground of attack on behalf of the complainant, because of the provision in the agreement that any untrue or fraudulent statement or any concealment of facts in the application should forfeit the rights of the applicant and his family or dependents to all benefits and privileges. It is questionable whether this clause bound the member to anything beyond honesty in his disclosures, and we are quite satisfied that the description of these beneficiaries as "my children" was honestly made. But if it bound him to accuracy, and the description be deemed inaccurate, the objection could be taken advantage of by the association only. Under the view which we have adopted of the statute and the laws of the order an accurate description of these beneficiaries does not show the contract to be illegal, and as the corporation could have made the contract without any description at all, it is within the power of the corporation to waive the defect and ratify the agreement. Its answer averring its readiness to pay, filed after full notice of the truth, is such waiver and ratification.

The decree of the court of chancery holds the stepchildren entitled to an equitable lien on the fund for money advanced by them to pay the annual dues of William Tepper in the society. No such claim is presented in the pleadings; on the contrary, the answer of the stepchildren prays that the fund may be divided among themselves and the complainant in equal shares. We therefore need not consider whether such a lien exists. ..

On the issues raised in the case our judgment is that the fund should be paid in equal shares to the beneficiaries named in the certificate.

Let the decree below be reversed, and a decree be entered in accordance with this opinion.

*For reversal*—THE CHANCELLOR, CHIEF-JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, HENDRICKSON, BOGERT, VREDENBURGH, VOORHEES—10.

*For affirmance*—None.