PAUL J. ECKERT, RESPONDENT, v. STAR OF ELIZABETH
COUNCIL, NUMBER 37, DAUGHTERS OF AMERICA,
ELIZABETH, NEW JERSEY, APPELLANT.

Submitted March 22, 1920—Decided November 15, 1920.

On appeal from the Supreme Court, in which court the following *per curiam* was filed:

"The suit was on a benefit certificate issued to plaintiff's deceased wife as a member of the defendant association. The two defences overruled by the trial court, and asserted here as grounds for reversal, are that the plaintiff is not the beneficiary designated by the rules of the order, and that if this be overruled, the deceased member was in such default in her obligations to the order as to have forfeited the benefit.

"As to the first point, the by-laws provide that in case of death the sum claimed 'shall be paid to the nearest relative (of the member), provided they are (*sic*) otherwise qualified.' The present suit is by the surviving husband, and it is urged that he is not a 'relative' in the sense intended because not a relative by blood. It was held by the late Vice Chancellor Van Fleet, in *Supreme Council v. Bennett,* 47 *N. J. Eq.* 39, that the wife of a nephew was not so 'related to' the deceased as to be lawfully designated his beneficiary under the rules of that order. But this decision was unanimously reversed by the Court of Errors and Appeals (page 563 of the same volume), Justice Scudder saying, 'the construction contested for * * * would exclude a member's wife,' unless she came within a dependency clause. The court laid down the broad rule that the word 'relatives' includes relations by marriage, and on the authority of that case and its citations we conclude that for present purposes the words 'nearest relative' are intended to point out the person entitled to take personal property under the statutes of distribution or *jure mariti,* as the case may be. *Donnington v. Mitchell,* 2 *Id.* 243; *Nelson v. Nelson,* 36 *Atl. Rep.* 280;

*Grattan's Estate,* 78 *N. J. Eq.* 232. The surviving husband is consequently the 'nearest relative' intended by the by-laws in this case.

"The point that the benefit was forfeited by default in payment of dues we think is also without substance. The claim is that after thirteen weeks' default in dues the member is. under the by-laws, automatically suspended and benefit ceases until all arrears, both those which led to the alleged automatic suspension and those occurring afterwards, are paid up and the account is absolutely clear and has so continued for four weeks; and that the deceased member in fact became thirteen weeks in arrear and never squared the account until two days before her death. The facts are correctly recited but do not lead, on our view of the by-laws, to the result claimed. Article 7, section 10, reads: 'This council shall require a member who has become thirteen weeks or more in arrears for weekly dues, to pay the entire amount due and stand suspended from sick and death benefits for the space of four weeks after the entire amount of arrearages has been paid.'

"Section 1 of article 10 is to the same effect, and section 2 provides for a report of arrearages to the council, notice by mail to the member, and declaration of suspension in open council. Plainly some official action of the council was required to effect a suspension; and apparently none was taken. Later, by the proper application of payments on account, whether at common law or under the by-laws as recited in appellant's brief, the default was cut to less than thirteen weeks and never reached that point up to the member's death. Her good standing was therefore not forfeited because the prescribed action was not taken, and after the shortage was reduced below thirteen weeks could not be forfeited at all.

"These considerations lead to an affirmance of the judgment."

PER CURIAM.

The judgment under review herein is affirmed by an equally divided court.

KALISCH, J. (dissenting). The present case differs essentially from *Supreme Council* v. *Bennett*, 47 *N. J. Eq.* 39, which was reversed by the Court of Errors and Appeals. *Id.* 563.

In that case the law of the order permitted a member to designate as his beneficiary a person related to him. The member designated, as his beneficiary, was his grandniece by marriage. This court held that the words "related to" include persons connected by affinity as well as by consanguinity. It is important to observe that the member designated his beneficiary by naming her, and it was held that she came within the words "related to." The Supreme Court seemed to think that the facts of that case were analogous to those of the present. But this is apparently and clearly not so. For in the present case the beneficiary was not designated by name by the member. The law of the order directs that the fund shall go to the "nearest relative." The kind of relative who is competent to take is qualified by the adjective "nearest." A relative by consanguinity is nearer than one by affinity. This court, in the case cited and relied on by it as its authority (at *p.* 565), quotes, with approval, the following: "It has long been settled that the word 'relatives' when used in a will or statute, included those persons who are next of kin under the statute of distributions; unless from the nature of the bequest, or from the testator having authorized a power of selection, a different construction is allowed." And this court, after citing the authorities, proceeds to say: "In this certificate there is a power of selection given, not by will, but by the contract between the parties. * * * There can be no question about the intention of the holder in this case upon the face of the certificate." It is, therefore, quite obvious that the Supreme Court has made a violent departure from the doctrine of the Bennett case and the weight of authority on the subject. The Supreme Court attempts to justify its theory on the authority of the Bennett case and its citations, by saying, "We conclude that for present purposes the words 'nearest relative' are intended to point out

the person entitled to take personal property under the statute of distribution or *jure mariti,* as the case may be."

But this view is clearly untenable. The instrument before us for construction is a contract between the order and one of its members. It is unreasonable to say, in view of the fact that the contract provided that the fund shall go to the "nearest relative," that it was within the contemplation of the contracting parties that in case of the death of the member the fund should be distributed according to the statute of distributions, as if the member had died intestate, the owner of the fund. In the present case there are children who are unquestionably the nearest relatives in every sense of the term, and it requires a violent wrenching of the acknowledged legal rule upon the subject from its true and salutary import to hold that the mother contemplated by her contract to exclude her children from the fund.

In *Esty, Administrator,* v. *Clark et al.,* 101 *Mass.* 36, Justice Ames said: "The Supreme Court of Pennsylvania has decided that in a will the term 'my nearest relations or connections' do not include the testator's wife. *Storer* v. *Wheatley,* 1 *Pa. St.* 506. The court in that case say: 'A wife is not related to her husband in any respect. Of his connection with her family she is the link, or *commune vinculum;* but so far is she from being connected with him as a relation, that her civil existence is melted into his, and they together form one person. A wife is therefore no more a relation of her husband than he is of himself. It was said, *arguendo,* in *Garrick* v. *Lord Camden,* 14 *Ves.* 372, that she owes her provision under the statute of distributions, not to the supposition that she is one of her husband's kindred, but to the respect that was felt for her title to the customary share which she had previously enjoyed.'"

Whatever may be thought of the reasoning of the court in that case, there seems to be no authority for holding that the word "relation," in its strict legal and technical sense, includes husband and wife. On the contrary, authorities

are found very direct and explicit to the point that they are not "relations." Thus in 2 *Wms. Ex.* 1004, it is laid down that "no person can regularly answer the description of 'relations,' but those who are akin to the testator by blood. A wife therefore cannot regularly claim under a bequest to her husband's relations, nor a husband as a relation to his wife." So in 2 *Jarm. Wills* 49, it is said that "a gift to next of kin or relations does not include a husband or wife." Both these writers refer for authority to numerous cases cited from the reports.

Thus it is made obvious that we must give to the term "nearest relative" its generally accepted meaning in order to preserve consistency in the interpretation of contracts. The general rule is that words used in a contract should be construed to have been used by the parties according to their natural meaning and legal sense. This has been sufficiently pointed out by the cases above cited and quoted from. That there is a wide difference between the term "relative" or "relation" and the term "nearest relative" needs no argument. The word "relative," when used in a contract, unless otherwise indicated by the context, would in its popular and legal sense include those who are related by consanguinity and affinity. But when the parties to the contract in this case restricted the term "relative" by the qualifying term "nearest" it was an express indication that they intended relatives by consanguinity only.

There are other most potent reasons why the construction put upon the term "nearest relative" in the contract under discussion by the Supreme Court is untenable. The appellant is a beneficial order whose coordinate or subsidiary branches may be presumed are existent also in our sister states. An examination of the statutes of those states relating to the distribution of personal property of persons dying intestate and the rights of the husband to such property of a wife who has died intestate will demonstrate that they differ materially from each other. Thus the laws of New Jersey, a common law state, differ in

many important particulars from the laws of New York, Pennsylvania, Ohio, Massachusetts, California and other states relative to the rights of a husband, springing from a marriage, in the personal property of a wife, and under the statutes of distribution relative to such property in case a wife dies intestate. Now that being so it follows as a logical sequence from the reasoning of the Supreme Court that the term "nearest relative," though contained in a contract will have one meaning in New Jersey, a different meaning in New York, and as many different interpretations as the statutes of distribution in the various states may differ from our statute and from each other. In plain words, the statute of distributions is making the contract between the parties regardless of what the parties to the contract contemplated by the use of the term, "nearest relative."

The unsoundness of the construction put by the Supreme Court upon the term "nearest relative," as contained in the contract under discussion, will reveal itself by the following hypothesis. Suppose it was the husband who was insured in a like order, with a like provision in its contract, as in the case under discussion, and the husband had died intestate, leaving a wife and children. Under the statute of distributions the wife would be entitled to one-third of the personal property and the children to two-thirds. By what method could it be determined who was intended by the use of the term "nearest relative," the wife or the children? Certainly not by the statute of distributions, because it points out to widow and children. Furthermore, upon what sound legal principle can a contract made with the husband of like words and import as the contract made with the wife be differentiated therefrom? None has presented itself to my mind, and for the reasons stated, I vote to reverse the judgment below.

Justices Minturn, Black and Judges Taylor, Gardner and Ackerson authorize me to state that they concur in the views expressed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, BERGEN, WHITE, HEPPENHEIMER, WILLIAMS, JJ.    6.

*For reversal*—MINTURN, KALISCH, BLACK, TAYLOR, GARDNER, ACKERSON, JJ.    6.