This is an interpleader. The by-laws of complainant, a membership corporation, are written in Italian and translated read in part as follows:
"Upon the death of a brother, provided he shall have been a member according to the register of the society at least six months, the family or the person by him designated, has the right to four hundred dollars, and in the event the treasury of the society is insufficient, then all the members are obliged to pay their tax to cover the four hundred dollars to be paid, which money is to be paid fifteen days after demand made upon the society." *Page 186 
Frank Nugnes, a member of the society, has died. The question is, to whom shall be paid the sum of $400 mentioned in the by-laws?
Nugnes never designated any person as beneficiary, unless his last will and testament can be considered such a designation. The will contains no mention of the complainant society or of the benefits accruing from membership therein and does not contain an express designation; it merely bequeaths and devises all of his property to his widow, Rose Nugnes, and names her executrix. The death benefit of $400 is not a part of the deceased member's estate and is not included in the bequest. While a member of a beneficial association may, by an apt clause in his will, effectively designate the beneficiary to receive the death benefit, a general bequest of his property is not sufficient to that end since it does not show an intention that the legatee shall also be the beneficiary. Nugnes' will does not designate the person to whom the death benefit shall be paid.
So the benefit is payable to the family of Nugnes. Nugnes married twice. By his first wife he had three children, all of whom married in his lifetime, moved away and established their own homes. Nugnes married second, Rose Nugnes. Before their marriage she bore him three children and after their marriage, a fourth child. From the time of marriage until his death, Rose and her children lived with him and the children were recognized by him as his own and were a part of his household. Certainly his widow, Rose, was a member of his family at the time of his death and so was their youngest child, the one born in wedlock. The questions are, whether the children by his first wife who left his household to make homes of their own, and whether his illegitimate children, who lived with him, were members of his family within the meaning of the by-laws.
Nugnes' family must be determined as at his death and not at the time he became a member of the society, or at any other period. The beneficiaries have no vested interest in the benefits until the death of the member. Spengler v. Spengler, 65 N.J. Eq. 176. *Page 187 
 Family is an elastic term. Tepper v. Supreme Council ofthe Royal Arcanum, 61 N.J. Eq. 638.
In Dodge v. Boston and Providence Railroad Co.,154 Mass. 299; 28 N.E. Rep. 243, the court construed a stipulation by a railroad company that a certain one and his family should have free passage over the railroad.
"The word `family' has several meanings. Its primary meaning is the collective body of persons who live in one house, and under one head or management. Its secondary meaning is those who are of the same lineage, or descend from one common progenitor. Unless the context manifests a different intention, the word `family' is usually construed in its primary sense. In King v. Darlington,4 T.R. 797, under the Settlement act of 8 and 9 Wm. IIIch. 30, which provided for the granting of a certificate to a poor person who wished to remove from his own parish to another, and that the latter parish should `be obliged to receive and provide for the person mentioned in the certificate, together with his or her family,' it was held that the certificate did not extend to a grandchild of the person receiving it, who lived with his father, and not with his grandfather. Lord Kenyon, C.J., said: `In common parlance, the family consists of those who live under the same roof with the pater-familias — those who form (if I may use the expression) his fireside. But when they branch out, and become the heads of new establishments, they cease to be part of the father's family.'"
In Ryder v. Meyers, 113 N.J. Eq. 360, Vice-Chancellor Sooy considered a testamentary trust for the members of the family of testator. He held that the word family comprehended those who would take under the statute of distribution. But this interpretation of a will is not decisive of the meaning of complainant's by-laws. Bennett v. Van Riper. 47 N.J. Eq. 563;Tepper v. Supreme Council of the Royal Arcanum, supra. In the last case, the court held that "members of the family" meant relatives in a broad and inclusive sense. In Grand Lodge, c.,United Workmen of New Jersey, v. Gandy, 63 N.J. Eq. 692,
Vice-Chancellor Grey said: "The members of a man's family are his wife and children." These *Page 188 
citations are enough to demonstrate that the meaning of "family" varies widely and that in each case it must be discovered by searching the purpose that leads to its use.
Complainant corporation is organized under "An act to incorporate associations not for pecuniary profit." P.L. 1898 p.422; Comp. Stat. p. 125. Section 9, as amended by P.L. 1910 p.32, empowers such an association, where the certificate of incorporation so specifies, "to contract with their members to pay death benefits according to the rules or by-laws adopted by such association and to agree to pay the same to the family, heirs, blood relatives, affianced husband or affianced wife, the legal representatives of such member, or to persons dependent upon such member." The phrase "blood relatives, affianced husband or affianced wife" needs no comment; heirs should probably be construed as next of kin. Family, as used in the statute, cannot have exactly the same significance as blood relatives or heirs or next of kin, for then it would be entirely superfluous. Though the question is not directly presented, I think the legislature intended the primary meaning of the word set forth in Dodge v.Boston and Providence Railroad Co., supra. The by-laws must be so interpreted that the class of persons to whom benefits are payable is no broader than the class described in the statute.Stewart v. Washington Camp, c., Sons of America (N.J.),159 Atl. Rep. 804. But there is no reason to hold that the association, when they chose the word family, used it in the same sense as did the legislature. If the word were employed in a contract specially drawn between the complainant and Nugnes, the interpretation would be influenced by the particular circumstances of the parties at the time of the execution of the contract. But the by-laws are intended to operate on all members of the society and not in the case of Nugnes alone. Hence, the definition must cover all situations likely to happen upon the death of any of the members. Thus to say that the family is the wife and children would not be valid, since it might well be expected that some members would be unmarried. Likewise, to restrict the meaning of the word to those relatives of the member who live in the *Page 189 
same household with him, would not do, for doubtless there are members who live in boarding houses apart from any relatives. Again, too large a group, for instance, relatives, could not have been intended to share the sum of $400. It would be otherwise if the word were employed to describe those from among whom the member might choose the beneficiary, instead of those who take in default of designation by the member.
The purpose of the society, in case the member made no choice of a beneficiary, was to confer the benefit in accordance with the presumed wishes of the average man. Such a one would usually desire the fund to be divided among the same persons who share his personal estate and these the legislature has enumerated in the statute of distribution.
The word family in the by-laws of complainant means next of kin, including the widow. Let the fund be divided accordingly.