MERCER COUNTY CIRCUIT COURT.

ANNA GREVE, PLAINTIFF, v. CENTURY COUNCIL, NO. 100,. JR. O. U. A. M., DEFENDANT.

Decided February 28, 1936.

For the plaintiff, *William Reich.*

For the defendant, *Katzenbach, Gildea & Rudner.*

OLIPHANT, C. C. J.  The plaintiff sues to recover from the defendant death benefits alleged to be due by reason of the membership at the time of his death of the plaintiff's son, Max Linka, in the defendant society.  The defendant admits that Max Linka was one of its members but denies that death benefits are due, asserting that the dues of the deceased member were not paid in such a manner as to entitle his mother to death benefits upon his death.

At the trial no question of fact for determination by a jury was presented.  The plaintiff moved for a judgment in her favor and the defendant made a similar motion on its behalf.  By consent the decision of the case was left with the trial judge.

The position of the defendant is based upon certain provisions in its constitution and by-laws.  Sections 4, 5 and 6 of chapter 6 of the constitution and by-laws provide as follows:

"Sec. 4. Any member of this Council who shall owe the Council thirteen or more weeks' dues, is debarred from all rights and privileges of the Council and Order, except that

of being admitted to a seat in his Council during its sessions. He is *automatically suspended from all sick and funeral benefits without notice.*

"Sec. 5. If a member shall become indebted to his Council for thirteen or more weeks' dues, *he shall stand suspended from sick and funeral benefits for the space of four weeks after he has paid the entire amount of his indebtedness in full to date.* If he should leave a balance unpaid he shall not be entitled to sick or funeral benefits until all his indebtedness has been paid in full to date.

"Sec. 6. *If a member should owe his Council thirteen or more weeks' dues and makes payment in full to date,* as stated in section 5, *and he is sick or disabled at the time said payment is made,* he will not be entitled to sick benefits for said sickness or disability. *If he should die and the death, directly or indirectly, result from said sickness or disability, his beneficiaries as named in these laws shall not be entitled to or be paid funeral benefits,* nor shall his wife, children, parents, brothers, sisters or any other person or persons have any claim on this Council for funeral benefits. If a member is sick or disabled in any manner at the time he has made the payment of dues, etc., he shall not be in any manner entitled to sick or funeral benefits."

The uncontradicted evidence shows the following facts: Max Linka died on October 9th, 1934. He had been taken to a hospital on September 26th, 1934, suffering from the illness which caused his death. At the time he was taken to the hospital he was indebted to the defendant society for dues in the sum of $14.57. The dues covered a period of forty-one weeks. On September 28th, two days after he was taken to the hospital and eleven days before he died, his dues were paid up to date. For a long period prior to that time the decedent had been in arrears for more than thirteen weeks' dues, although payments on account had been made from time to time.

Thus it appears that the conditions covered by all three of the sections of the by-laws set forth above were present in this case. The member became in arrears for thirteen weeks' dues; his dues were not paid up four weeks before he died,

and he died of the illness from which he was suffering at the time his arrearage of dues was paid.

But the plaintiff contends that the decedent was beneficial because he had not been suspended from the defendant's society. Chapter 9 of the constitution and by-laws of the defendant society provides as follows:

"Whenever a member owes the Council thirteen weeks' dues at the close of the Council on a regular meeting night, the financial secretary shall, within seventy-two (72) hours thereafter, send to said member by mail a notice to last known post office address on form No. 49, dating the notice as of the date of the meeting above named. If the said member fails to pay said dues within four weeks from date of notice, at the end of the said four weeks the financial secretary shall report his name to the Council under new business, and the Councilor shall at once declare said member suspended from the Council."

It appeared from the testimony that, while the decedent had never been suspended from the council, notice "on form No. 49" had been sent him on or about March 31st, 1933. It further appeared that, although payments had been made on account of. the dues of the decedent thereafter, at all times until September 28th, 1935, he was more than thirteen weeks in arrears. Form No. 49 states to the member that he is indebted for more than thirteen weeks' dues and that he is suspended from sick and funeral benefits and will not be entitled to sick or funeral benefits until four weeks after the dues have been paid in full to the date of payment, and that if the dues or a part thereof be not paid within four weeks from the date of the notice, the member will be suspended "from all rights and privileges of the Order."

The case of *Eckert* v. *Star of Elizabeth Council, &c.,* 95 *N. J. L.* 248; 116 *Atl. Rep.* 708, is cited in support of plaintiff's contention that she is entitled to death benefits because her son was not suspended by the defendant society. But the by-laws before the court in that case differ greatly from those involved in the present case. There the by-laws required official action upon the part of the lodge to make a member non-beneficial. Here the by-laws specifically provide that

when a member becomes in arrears for thirteen or more weeks' dues "He is automatically suspended from all sick and funeral benefits without notice."

It is clear that the suspension from membership provided for in the by-laws of the defendant is something different from suspension from the right to sick and funeral benefits. In fact a member cannot be suspended from membership until after he has ceased to be entitled to benefits. The notice, called "Form 49," which must be sent a delinquent member four weeks before he can be suspended, states to the member that his right to sick and funeral benefits has already been suspended and cannot be reinstated until four weeks after his dues have been paid in full. In other words, suspension from membership is not necessary to terminate the right to benefits. A non-beneficial member still retains his right "to a seat in his council during its sessions." (Section 4.)

The plaintiff further contends that the defendant cannot refuse to pay the death benefits in question because it accepted dues at times when it claims the plaintiff's son was not in good standing so far as sick and death benefits were concerned, citing *Peterson* v. *Sovereign Camp*, 97 *N. J. L.* 497. There the subordinate lodge collected dues as agent of the parent society and the latter paid sick and funeral benefits where called for by the by-laws. The subordinate lodge had passed a resolution directing the payment of members' dues to the parent lodge at the proper time, whether paid by the member or not, and permitted members to pay at their convenience. The court held that the parent association could not refuse to pay benefits in a case where the member's dues had been actually paid to it. The situation was similar to one where an insurance agent pays premiums to his company by arrangement with the insured, and collects from the insured at a later date. No such situation exists in this case. The defendant society did not act as agent for a parent association and it paid all benefits required to be paid by the by-laws. The dues of the deceased member in this case were not paid when due.

Plaintiff says further that the case of *Ciccone* v. *The*

*Colonial Life Insurance Co.,* 110 *N. J. L.* 276; 164 *Atl. Rep.* 444, is applicable and that the defendant is estopped from refusing to pay benefits by reason of the fact that it accepted payment of the dues of the plaintiff's son eleven days before he died. Of course it is true that ordinarily a life insurance company accepting premiums upon a policy that has lapsed, waives its claim to forfeiture. But the contract between the defendant in this case and the plaintiff's son, as set forth in the by-laws of the defendant, is very different from the ordinary life insurance policy. Payment of dues at a time when a member is not entitled to benefits is specifically provided for. The defendant could not refuse to accept dues from a member unless he has been suspended from membership, but the member is not entitled to benefits unless he has paid his dues in the manner required.

All the other cases mentioned by the plaintiff have been examined and have been found to deal with facts unlike those before the court.

I find no ambiguity in the by-laws of the defendant. They clearly provide that failure to pay dues for a period of thirteen weeks or more automatically suspends the member from benefits, although he retains his membership in the society. While no notice of any kind was required to deprive a member of his rights to benefits, notice on "Form 49" above mentioned was sent the son of the plaintiff on or about March 31st, 1933. The evidence further showed that notice of the amount of dues owing by the plaintiff's son was sent him regularly every three months. Payment of his dues eleven days before his death did not entitle the plaintiff to death benefits because, under sections 4 and 5 of the by-laws, where a member becomes thirteen or more weeks in arrears for dues, the right to benefits is automatically suspended until four weeks after the date upon which his dues are paid in full, and under section 6 if at the time his delinquencies are paid in full, he is suffering from an illness which causes his death, no death benefits are payable. These are the facts in this case.

For the foregoing reasons I find myself obliged to render judgment in favor of the defendant and against the plaintiff.