41 N.J. Super. 84 (1956)
124 A.2d 12
REBA FRIANT AND PEARL FRIANT, PLAINTIFFS,
v.
LILLIAN DOLBOW AND SHARPTOWN METHODIST CHURCH, A RELIGIOUS CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided July 5, 1956.
*85 Mr. Wayland A. Lucas, attorney for plaintiffs.
Mr. Gerard J. DiNicola, attorney for defendant Lillian Dolbow.
Mr. W. Orvyl Schalick, attorney for Trustees of Methodist Episcopal Church of Pilesgrove.
HANEMAN, J.S.C.
Plaintiffs herein seek to have the body of Joseph Dolbow, deceased husband of Lillian Dolbow, removed from a cemetery plot in the cemetery of the Sharptown Methodist Church, located at Sharptown, Salem County, New Jersey.
*86 The facts in connection herewith are as follows: The plaintiffs, together with their brothers, Charles Maurer and Roy Maurer, were the owners of two burial lots known as Lots 587 and 588 in the cemetery of the Sharptown Methodist Church. The defendant Lillian Dolbow was the widow of Charles Maurer and Roy Maurer, whom she married successively. Upon their deaths each of them was buried in the lots above referred to. Subsequent to the death of the last survivor of the Maurer brothers she married one Joseph Dolbow, who died on January 9, 1956 and was buried in the above referred to cemetery plots on January 12, 1956, without the consent of the plaintiffs. Joseph Dolbow had no interest in the said cemetery plots. The plaintiffs now seek the removal of the body of Joseph Dolbow, as above set forth.
The plaintiffs rely upon N.J.S.A. 8:2-24, which reads as follows:
"The body of any deceased person or the ashes thereof shall not be interred in any plot or lot in a cemetery owned by a cemetery association incorporated under sections 8:1-1 to 8:1-5 of this Title or under any special act, unless the deceased person had, at the time of his decease, an interest in the plot or lot, or was the relative of some person having such an interest, or was the wife of such person or her relative, except by the consent of all persons having an interest in such plot or lot." (Italics mine)
At the outset it must be recognized that after interment a body is in the custody of the law and removal is subject to the jurisdiction of this court. Such power, however, should not be exercised unless it be clearly shown that good cause and urgent necessity for such action exists. Guerin v. Cassidy, 38 N.J. Super. 454 (Ch. Div. 1955); Friedman v. Gomel Chesed Hebrew Cemetery Assn., 22 N.J. Super. 544 (Ch. Div. 1952).
However, where the body of a person is buried in a grave belonging to another who has in no manner consented to the interment of such body, the court may direct that the body be removed from such grave. It cannot, in *87 this circumstance, be said that the body was properly and suitably buried. Glatzer v. Dinerman, 142 N.J. Eq. 88 (Ch. 1948).
It becomes necessary, therefore, to ascertain whether the deceased came within the class described in the above statute.
The word "relative" has been construed by the courts of this State in a number of instances. The primary question is whether the word connotes relationship by blood or by affinity. The construction quite naturally depends upon the particular instrument or statute in which the word appears. It cannot be said that the word has a fixed and definite meaning, absent a consideration of the entire instrument in which it has been employed. Under the more liberal construction, i.e., that it is not restricted to members of the blood, but may be considered to include those of affinity, the courts have held that it includes the widow or widower of the person to whom it refers. Bennett v. Van Riper, 47 N.J. Eq. 563 (E. & A. 1890); Eckert v. Elizabeth Council, 95 N.J.L. 248 (E. & A. 1920).
The specific statute must be examined for the purpose of interpretation. If it were to be concluded that the word "relative" as appearing in the statute denoted affinity rather than consanguinity, that portion of the statute reading "was the relative of some person having such an interest" would encompass the wife of some person having such an interest. The following clause "or was the wife of such person" would be redundant and superfluous. There would be no necessity for making special provision for the wife of such person, since she would have already been included in the category of a "relative" of such person. A construction that will render a portion of a statute superfluous is to be avoided. Fiscella v. Nulton, 22 N.J. Super. 367 (App. Div. 1952); Hoffman v. Hock, 8 N.J. 397 (1952). As initially used, "relative" means related by blood.
Since the word "relative" in the first instance denotes relationship by blood, the second use of the word "relative" must as well have been in a similar vein. Ordinarily the coupling of words denotes that they shall be understood in *88 the same general sense. Ford Motor Co. v. New Jersey Dept. of Labor and Industry, 5 N.J. 494 (1950).
It is therefore here held that the word "relative" as used in the statute denotes a blood relationship.
Consistent with the foregoing, judgment will be entered, upon proper terms, for the removal of the body of Joseph Dolbow.